THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HYDROFLOW USA, LLC, | CASE NO. C21-0714-JCC |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| HYDROTECH SOLUTIONS LLC, a Texas limited liability company; KIRK KENNEDY and JANE DOE KENNEDY, husband and wife; ROB BARNETT and JANE DOES BARNETT, husband and wife; and STEVEN BLOOM and JANE DOES BLOOM, husband and wife, | |
| Defendants. | |

This matter comes before the Court *sua sponte*. Defendant HydroTech Solutions LLC alleges that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) but its notice of removal does not adequately plead diversity jurisdiction. (*See* Dkt. No. 1.) Therefore, the Court ORDERS HydroTech to show cause why this matter should not be remanded for lack of subject matter jurisdiction by amending its notice of removal to properly allege diversity jurisdiction within 14 days of the date of this order.

"A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437

F.3d 894, 899 (9th Cir. 2006)). Accordingly, to properly plead diversity jurisdiction, HydroTech was required to plead "the citizenship of all of [its] members." *Id.* at 611. Because one of HydroTech's members is an LLC, (*see* Dkt. No. 10), it was also required to plead the citizenship of *that* LLC's members. S*ee generally Asana Partners Fund II REIT 14 LLC v. Heath Family I LLC*, 2020 WL 7241449, slip op. at 3 (W.D. Wash. 2020). It did not do. (*See* Dkt. No. 1.)

In addition, HydroTech was required to plead the citizenship of all of the members of HydroFlow USA, LLC. *See NewGen, LLC*, 840 F.3d at 613–14 ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction."); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (If "the information necessary to establish the diversity of the citizenship of [another party is] not reasonably available to" the party invoking the Court's jurisdiction, the party invoking the Court's jurisdiction may "plead its jurisdictional allegations as to [that other party] on information and belief.").

In addition, Local Civil Rule 7.1(a)(2) requires "[a]ny nongovernmental party . . . [to] file a corporate disclosure statement identifying . . . any member or owner in a . . . limited liability corporation (LLC)." In diversity cases, like this one, the corporate disclosure statement must also list "those states in which the party, owners, partners, or members are citizens." W.D. Wash. Local Civ. R. 7.1(b). The purpose of this rule is to allow the Court and the parties to readily determine at the outset of the case whether the Court has subject matter jurisdiction. Without knowing the citizenship of an LLC's members, the Court cannot determine whether the parties are completely diverse. Both parties' corporate disclosure statements are deficient because both fail to identify the states in which their members are citizens. (*See* Dkt. Nos. 7, 10.)

Despite these deficiencies, "[d]efective jurisdictional allegations are not fatal." *NewGen, LLC*, 840 F.3d at 612. "Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings." *Id.*; *see also* 28 U.S.C. § 1653. Accordingly, the Court ORDERS the parties to file amended corporate disclosure statements that comply with Local

ORDER TO SHOW CAUSE
C21-0714-JCC
PAGE - 2

Civil Rule 7.1 within seven days of the date of this order, and ORDERS HydroTech Solutions, LLC to show cause why this action should not be remanded for lack of subject matter jurisdiction by amending its notice of removal to properly allege diversity jurisdiction within 14 days of the date of this order.

DATED this 21st day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE